# SLAYTON GUN CLUB, ALSO KNOWN AS SLAYTON HUNTING CLUB, v. TOWN OF SHETEK. JOHN L. KOSAK, APPELLANT.

176 N. W. (2d) 544.

April 3, 1970—No. 41863.

P. M. *Meehl* and *Irving J. Wiltrout*, for appellant.

*English, Velta & Irons*, for respondent gun club.

Heard before Nelson, Murphy, Otis, Sheran, and Theodore B. Knudson, JJ.

THEODORE B. KNUDSON, JUSTICE.*

This is an appeal by defendant John L. Kosak from an order of the district court making him a party defendant in this action, denying his motion to dismiss an appeal by plaintiff to the district court on the question of damages, and denying his motion to dismiss as against him because of lack of jurisdiction over him and over the subject matter in this proceeding.

Plaintiff owns a tract of 45.15 acres of property in Murray County, Government Lot 2, sec. 32, T. 108. Because the property is completely inaccessible except over lands owned by others, mainly defendant Kosak, plaintiff applied on May 4, 1967, to the Town Board of Shetek, pursuant to Minn. St. 164.08, subd. 2, to establish a cartway between plaintiff's land and a public road.

The town board denied plaintiff's petition. It determined that plaintiff did not own at least 5 acres of land as required by § 164.08, subd. 2. Plaintiff then petitioned for a writ of mandamus from the district court. The petition was granted on May 23, 1968. In a memorandum accompanying the order for judgment directing the issuance of a peremptory writ of mandamus, the trial court said:

"By stipulation of the parties it was agreed that:

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

"A.   Relator owns, in fee simple, all of Government Lot 2 as per original government survey.

"B.   That there is more than five acres of land in Lot 2.

"C.   That at various times there is less than five acres above water.

"D.   That there is no access to Government Lot 2 except over the lands of others.

"E.   There is only one issue: Is the land of Lot 2, when covered by water, no longer 'land' for purposes of the five-acre provision of M.S.A. 164.08, Subd. 2?"

The court found that while plaintiff owned 45.15 acres, part of the time less than 5 acres were above water. However, it determined that submerged land was still land within the meaning of § 164.08, subd. 2.

In compliance with the writ, the town of Shetek then entered into negotiations with Kosak. An agreement was reached whereby Kosak would sell and the town would purchase for the sum of $35,000 sufficient land to build plaintiff's cartway. Because under the statute plaintiff and not the town must pay the costs of the cartway, plaintiff appealed the award to the district court, claiming it was excessive.

Defendant town of Shetek moved to dismiss the appeal on the grounds plaintiff has no standing under Minn. St. 164.07, subd. 7, to appeal and because the agreement is nonappealable. The district court held that plaintiff was a proper party and entitled to appeal.

Kosak then moved to dismiss on the grounds that plaintiff's land does not contain 5 acres and that Kosak was not a party because he received no notice of appeal. The district court ordered his motion denied on the ground that in all the prior proceedings, both before the court and the town board, Kosak had appeared with counsel and had made a general appearance, and the court therefore had the power to make him a party. Defendant Kosak appeals.

Kosak raises three issues. First, he contends that plaintiff's land does not contain 5 acres and hence plaintiff has no right to obtain a cartway. Secondly, he contends that plaintiff has no right to appeal the agreement made by the town board and himself. Finally, he contends that the court lacks jurisdiction over him.

■ Minn. St. 164.08, subd. 2, provides that the owner of at least 5 acres of land who has no access to his property except over the lands of others may petition the town board to establish a cartway at least 2 rods wide connecting his land with a public road. The board must act upon such petition in accordance with the procedures outlined in § 164.07, but the damages must be paid by the petitioner.

Kosak argues here, as the town of Shetek argued below, that because plaintiff does not own 5 acres of land that are above water it does not come within the provisions of § 164.08, subd. 2.

The only evidence in the record as to the amount of property plaintiff owns, other than in the stipulation, is an aerial photo, signed by the Murray County assessor, showing lot 2 with an island measuring 2 acres and 3.75 acres of other land above water. Why the district court judge did not use this to find that plaintiff owned 5.75 acres of land does not appear from the record. Instead the judge held that the word "land" in Minn. St. 164.08, subd. 2, includes submerged land. This seems the correct interpretation of the statute.

This question has not arisen in Minnesota. Most courts which have considered the problem have held that "land" means soil, including lakes and streams. Hardin v. Jordan, 140 U. S. 371, 11 S. Ct. 808, 35 L. ed. 428; Kean v. Calumet Canal & Improvement Co. 190 U. S. 452, 23 S. Ct. 651, 47 L. ed. 1134; Wynn v. Margate City, 9 N. J. Misc. 1324, 157 A. 565; State v. Jones, 143 Iowa 398, 122 N. W. 241; Angelo v. Railroad Comm. 194 Wis. 543, 217 N. W. 570. There is no claim by anyone in this case that

the waters in question constituted a navigable body. The trial court in reference to the character of the water said:

"* * * [W]hether the water that intermittently covers Lot 2 are surface waters, percolating waters or non-navigable waters is immaterial. Ownership of the land under any of these kinds of waters carries with it beneficial rights in such waters, whether individually or in common with others. (See Johnson vs. Seifert, 1960, 257 Minn. 159, 100 NW 2d 689, and cases cited therein.)"

Minn. St. 164.08, subd. 1, gives a town board discretion whether or not to establish a cartway where at least 5 voters, freeholders of the town, request a cartway to serve at least 150 acres, 100 acres of which must be *tillable.* Subdivision 2 of § 164.08, under which this proceeding was instituted, does not require that the 5 acres, or any part, be *tillable.* We, therefore, hold that the word "land" as used in § 164.08, subd. 2, is all-inclusive and includes submerged property. Plaintiff was, therefore, the owner of more than 5 acres of land, qualifying it for a cartway. If the legislature had intended that only nonsubmerged lands were to be considered as "land," it would have placed a limiting phrase after the word "land" as it did in imposing the requirement that some land be tillable in § 164.08, subd. 1.

■ Minn. St. 164.07, subd. 7, authorizes appeals from awards of damages in the establishment of town roads and cartways. It provides that within 40 days after the town board has made its award of damages *any property owner or occupant may appeal.*[1]

---

[1] The relevent part of Minn. St. 164.07, subd. 7, reads: "Within 40 days after the filing of the award of damages any owner or occupant may appeal from the award by filing a notice of appeal with the clerk of the district court of the county where the lands lie. * * * The notice of appeal shall specify the award or failure to award appealed from, the land to which it relates, the nature and amount of the claim of appellant, and the grounds of the appeal."

The problem is that § 164.08, subd. 2, is intended to benefit a private owner and gives that owner certain rights subject to his paying the damages, but the procedures to be followed are detailed in § 164.07. That section deals with the situation where a town is establishing a road for the public good, to be paid for out of public funds. Where the town is establishing a road to be paid for out of public funds, the damages to private landowners will be determined by the parties in interest—the landowner who wants as much as he can get and the town board which will want to keep damages as low as possible. Because the town board makes the awards, the owner or occupier is given a right to appeal to the district court to insure that he will be given just compensation.

Where a cartway is to be established under § 164.08, subd. 2, the real parties in interest do not determine the damages. Plaintiff must pay all damages or he cannot obtain the cartway, but it is the town board which must negotiate an agreement with the property owner and the board has no real interest in keeping the award of damages reasonable.

The district court in its memorandum stated that if plaintiff does not have the right of appeal, then its right to a cartway could be defeated by an agreement between the town board and the landowner whose land is to be taken which could result in a prohibitorily high award of damages. This is contrary to the purpose of the statute. The trial court made the following observation regarding such a result:

"* * * It seems to me that such landowner has a right to participate in the making of a record for review of a valuation or damage figure which, in effect, could deny him his right to access. It thus appears that the only fair thing to do is to allow the plaintiff landowner to appeal from the negotiated award so that he may submit whatever evidence he has on the question.

"I hold that the appeal provisions of M.S.A. 164.07, Subd. 7, as to damages, is available to plaintiff as '* * * owner or occupant * * *.'"

There is nothing in the statutes which prohibits the appeal. Minn. St. 645.17(1) permits a presumption that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable and does intend the entire statute to be effective. We hold that in order to give full effect to all the provisions of §§ 164.07 and 164.08, plaintiff, as the party who must pay the damages, may appeal from the agreement constituting the award of damages made between the town board and the landowner to the district court. Minn. St. 645.16.

3. Kosak contends the court lacks jurisdiction over him because he was never formally made a party by service of process. The district court found that Kosak had been physically present and represented by counsel at every hearing in court and at every town board meeting dealing with this case. A party who takes or consents to any step in a proceeding which assumes that jurisdiction exists or continues has made a general appearance which subjects him to the jurisdiction of the court. State, by Lord, v. Rust, 256 Minn. 246, 257, 98 N. W. (2d) 271, 279. The trial court correctly determined that defendant landowner's appearances subjected him to the jurisdiction of the court.

Affirmed.