## PETER J. HENGEL v. MARY J. HYATT.

252 N. W. 2d 105.

March 11, 1977—No. 46797.

*Ryan, Ryan, Ebert & Ruttger* and *Max J. Ruttger III,* for appellant.

*Gustafson & Borstad* and *Glen A. Gustafson,* for respondent.

PER CURIAM.

Peter J. Hengel appeals from an order of the district court vacating a default judgment in an action for rent and property damage in connection with the lease of certain property located in Staples, Minnesota. The sole issue raised is whether the district court abused its discretion in vacating the judgment. We affirm.

Hengel commenced this action on December 3, 1975, with service upon Mary J. Hyatt's father at his home. On December 29, 1975, judgment was entered by default in the county court. Plaintiff was served with notice of motion and motion to set aside the default judgment on January 26, 1976.

In support of her motion, Hyatt averred that her usual place of abode was 1208 S. E. Seventh Street, Minneapolis, where she lives and works. As such, she denies being personally served with process but admits receiving the papers from her parents. She asserted that the absence of personal service and the absence of fault in failing to answer in a timely fashion were sufficient grounds to set aside the judgment.

Hengel contends that the order vacating the judgment constitutes an abuse of discretion as Hyatt had no reasonable excuse for her failure to answer in a timely manner and that any objection she may have had to the jurisdiction of the court was waived upon her interposing an answer and counterclaim in the matter.

1. It is elementary that a motion to vacate a judgment for lack of jurisdiction merely asserts that the judgment is void and involves no question of discretion. Rule 60.02, Rules of Civil Procedure. If the judgment is void for lack of jurisdiction, it must be set aside without regard to such factors as the existence of a meritorious defense. Lange v. Johnson, 295 Minn. 320, 204 N. W. 2d 205 (1973); Pugsley v. Magerfleisch, 161 Minn. 246, 201 N. W. 323 (1924).

Rule 4.03, Rules of Civil Procedure, governs the service of process and provides in part as follows:

"Service of summons within the state shall be made as follows:

"(a) Upon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."

The return of service indicated that it was made upon defendant's father at his home, while Hyatt's motion to vacate alleged that her place of abode was Minneapolis. The place of one's abode presents a fact question. Lovin v. Hicks, 116 Minn. 179, 133 N.

W. 575 (1911). While the record would not support a conclusion that as a matter of law defendant's place of abode as of the date of service was in Minneapolis, the allegation in the motion provides a reasonable basis for the court's order.

2. In addition, at issue is Rule 60.02 (1), Rules of Civil Procedure, which permits the trial court to vacate a judgment upon motion within a reasonable time for mistake, inadvertance, surprise, or excusable neglect. To avail himself of this relief, the movant must show excusable neglect or mistake and establish that he has a meritorious defense and that he has acted with due diligence. Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 53 N. W. 2d 454 (1952). If no affidavit of merit or other proof of a valid defense is provided, the motion to vacate will be denied. Vrooman Floor Covering, Inc. v. Dorsey, 267 Minn. 318, 126 N. W. 2d 377 (1964).

While Hyatt's motion and its attachments failed to enumerate specific facts constituting her defense, she does allege a defense of constructive eviction. She also alleges a palpable case of excusable neglect, reciting the late service of process, aborted contact with an attorney, and diligent efforts in all matters thereafter. See, Finden v. Klaas, 268 Minn. 268, 128 N. W. 2d 748 (1964).

3. Hengel further claims that the assertion of a counterclaim by Hyatt is a submission to the jurisdiction of the court and alleviates any defects in the service of the summons and complaint. He relies on our decision in Mississippi Valley Devel. Corp. v. Colonial Enterprises, 300 Minn. 66, 217 N. W. 2d 760 (1974). That case involved an attempt to vacate a default judgment based on improper service of the summons and complaint, but the subsequent actions of the defendant readily distinguish it from this case. There, the defendant received two extensions of time to answer from the plaintiff without answering. In addition, defendant moved the court to compel arbitration, which was denied. An appeal was commenced from the denial of this order and then dismissed. Only then, some 8 1/2 months after the service of the

summons and complaint, did plaintiff enter default judgment. Seven months later, defendant moved to vacate the judgment. In this case, defendant sought to serve her answer and counterclaim 26 days after the alleged service, which was the day of the entry of default judgment. The answer and counterclaim were returned and defendant immediately moved the court to vacate the judgment. The answer was never filed with the court in the original action and no relief was sought from the court other than to vacate the judgment. The mere fact that Hyatt asserted affirmative relief in her answer which was never part of the court proceedings in the entry of default judgment cannot be asserted retroactively as a submission to jurisdiction of the court.

Therefore, although it appears that defendant's motion may have been deficient in some particulars, the district court's order did not amount to an abuse of discretion, and is not clearly erroneous.

Affirmed.