**Peggy Ann WACHSMUTH and County of Anoka, Respondents,**

v.

**Kevin Lee JOHNSON, Appellant.**

**No. C3–84–180.**

Court of Appeals of Minnesota.

July 31, 1984.

Robert M.A. Johnson, Anoka County Atty., Marie Davidson, Asst. County Atty., Anoka, for respondents.

Linda E. Museus, Louis D. Bass, Minneapolis, for appellant.

Considered, heard, and decided by PARKER, P.J., and FORSBERG and CRIPPEN, JJ.

### OPINION

CRIPPEN, Judge.

This is an appeal from orders denying appellant's motion to vacate a default paternity judgment. The alleged defect in

the judgment is a lack of personal jurisdiction due to insufficient service of process. We affirm.

## FACTS

On June 19, 1982, respondent Peggy Ann Wachsmuth served appellant Kevin Lee Johnson by substitute service upon Johnson's grandmother at 719 Russell Avenue North, Minneapolis. Johnson neither answered nor appeared in response to the complaint. On December 14, 1982, the court granted Wachsmuth's default motion, adjudicating parentage and ordering Johnson to pay both past and ongoing child support.

After receiving notice from Anoka County Support and Collections that he owed child support, Johnson filed a motion to reduce the child support arrears and to relieve him of his support obligation while he was unemployed. On the date set for the hearing, Johnson struck this motion from the calendar.

Johnson subsequently filed a motion to vacate the default paternity judgment due to a lack of personal jurisdiction. In his accompanying affidavit, Johnson stated that he has resided at 1643 Russell Avenue North, Minneapolis, since March, 1981, and that he was unaware of any paternity proceedings against him until sometime after the entry of the judgment. The trial court denied the motion to vacate, and Johnson appeals.

## ISSUE

Did appellant invoke the power of the court in bringing his first motion such that he cannot later claim a lack of jurisdiction?

## ANALYSIS

"A party who takes or consents to any step in a proceeding which assumes that jurisdiction exists or continues has made a general appearance which subjects him to the jurisdiction of the court." *Slayton Gun Club v. Town of Shetak*, 286 Minn. 461, 467, 176 N.W.2d 544, 548 (1970). *See also Mississippi Valley Dev. Corp. v. Colo-* *nial Enterprises, Inc.*, 300 Minn. 66, 71, 217 N.W.2d 760, 763 (1974).

In making the motion to reduce his child support arrears and to temporarily relieve him of his support obligation, appellant assumed that personal jurisdiction existed. He thus made a general appearance and subjected himself to the jurisdiction of the court. The fact that appellant had his motion stricken on the morning of the hearing is immaterial. This case is readily distinguishable from *Hengel v. Hyatt*, 312 Minn. 317, 252 N.W.2d 105 (1977), where the defendant's first filing with the court following entry of the default judgment was a motion to vacate the judgment.

## DECISION

In making the motion to reduce arrears and temporarily suspend support, appellant submitted himself to the jurisdiction of the court, thus negating his ability to later challenge the judgment for lack of jurisdiction.

Affirmed.