John WILKIE, et al., Respondents,

v.

ALLIED VAN LINES, INC., et al., Respondents,

American International Movers, Inc., petitioner, Appellant.

No. C6–86–1103.

Court of Appeals of Minnesota.

Dec. 30, 1986.

Edward J. Susee, Susee & Lee, Ltd., Richfield, for Wilkie, et al.

Robert J. Terhaar, Cosgrove & Haskell, Minneapolis, for Allied Van Lines, Inc., et al.

Marie A. Darst, Jardine, Logan & O'Brien, St. Paul, for American Intern. Movers, Inc.

Heard, considered and decided by FOLEY, P.J., SEDGWICK and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

The Wilkies sued three nonresident corporations for damage to goods which occurred during a move between Washington state and California. Bay Area Transfer and Storage (Bay Area), a California corporation, and American International Movers (American International), a Washington corporation, denied Minnesota's jurisdiction in their responsive pleadings. Allied Van Lines, Inc. (Allied), an Illinois corporation which does business in Minnesota, did not dispute jurisdiction in its answer. The trial court dismissed Bay Area on jurisdictional grounds. American International's and Allied's motions for dismissal were denied. The trial court ruled that American International waived the jurisdictional defense by participation in discovery. American International appealed. Allied also sought appellate review as an adversely affected respondent, pursuant to Minn.R.Civ.App.P. 106. We reverse the trial court's decision with regard to American International and affirm as to Bay Area and Allied.

## FACTS

In .1983 the Wilkies moved from Washington to California. Wilkies contracted with Allied to handle the moving and storage of their belongings. Allied's agent, American International, transferred the property to their local warehouse on March 17, 1983. In April 1983, Western Van Storage, Inc. carried the property to California where it was received and temporarily warehoused with Bay Area. Bay Area collected payment in the amount of $3,582 upon final delivery to the Wilkies to their Moraga, California home on May 9, 1983.

Upon delivery, it was apparent that water had damaged some of the Wilkies' belongings, in particular a hand-made mahogany desk. Damages claimed are $11,758. Wilkies filed their claim with Allied. Allied denied liability on the water damage and pointed to the storage companies. Allied tendered a check for $255 on a breakage claim, but the check was not cashed since it was "in full settlement of the claim."

The Wilkies now reside in Minnesota. In October 1984, after their claims were denied by Allied and the storage companies, appellants filed suit in Minnesota.

American International and Bay Area asserted lack of personal jurisdiction as defenses. Neither company has done business in Minnesota. However, American International operates as an agent of Allied. Allied did not raise the personal jurisdiction defense.

In May 1985, shortly after asserting the jurisdictional defense, American International served interrogatories on the Wilkies. Participation in discovery, and the totality of American International's conduct, were found by the trial court to create a waiver of the jurisdictional defense, notwithstanding the denial of jurisdiction asserted in their answer.

## ISSUES

1. Can statutory long-arm jurisdiction be exercised over American International and/or Allied Van Lines?

2. Can participation in discovery waive the jurisdictional defense?

## ANALYSIS

I. Long-arm Jurisdiction.

■ Long-arm jurisdiction over nonresidents stems from statute. The imposition of state judicial power exacts a cost consistent with the benefits nonresidents derive or may derive from Minnesota. However, the burden of amenability to Minnesota judicial power and process, when the nonresident is not present in the state, should not violate "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ Minn.Stat. § 543.19, subd. 1 (1984), provides for the operation of the state's judicial power if certain requirements are satisfied.

As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any act in Minnesota causing injury or property damage, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

(1) Minnesota has no substantial interest in providing a forum; or

(2) the burden placed on the defendant by being brought under the state's juris-

diction would violate fairness and substantial justice; or

(3) the cause of action lies in defamation or privacy.

*Id.* Long-arm jurisdiction requires a two part test: the nonresident must have some property or business contact with Minnesota or have created some injury in the state. Federal due process, as represented by *International Shoe* and its progeny, must also be satisfied.

The legislature intended long-arm jurisdiction to reach to "the maximum extra-territorial effect allowed under the due process clause of the federal constitution * *." *Rostad v. On-Deck, Inc.,* 372 N.W.2d 717, 719 (Minn.1985), *cert. denied* — U.S. —, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985). The state's interests are also such that doubts as to the imposition of jurisdiction over a nonresident "should be resolved in favor of retention of jurisdiction." *Helten v. Arthur J. Evers Corp.,* 372 N.W.2d 380, 383 (Minn.Ct.App.1985) (citation omitted), *pet. for rev. denied* (Minn. Oct. 24, 1985).

■ Jurisdiction exists with regard to Allied. Allied transacts business in Minnesota as a national moving company and maintains an agent to accept Minnesota process. Since Allied did not include the jurisdictional defense in its answer or raise it by motion, the defense is waived.

■ The Wilkies have failed to show any American International contacts with this forum. Minnesota utilizes a five factor test in analyzing minimum contacts which has not been met.

(1) The quantity of contacts with the forum state,

(2) The nature and quality of contacts,

(3) The source and connection of the cause of action with these contacts,

(4) The interest of the state providing a forum,

(5) The convenience of the parties.

*Rostad,* 372 N.W.2d at 719–20 (citations omitted). The last two factors alone may not be considered contacts and cannot create personal jurisdiction. *See Dent-Air,*

*Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904, 908 (Minn.1983).

American International is a Washington corporation which owns no Minnesota property and has committed no act in this state. It committed no act outside Minnesota causing property damage here. The injury to Wilkies' property occurred prior to their Minnesota residency.

■ Wilkies also argue that Allied and American International's refusal to pay the claim, pursuant to the moving contract, is a tort and they were thereby injured in Minnesota because of the refusal. This is not the exceptional case where the breach of contract amounts to an independent·tort. *See Wild v. Rarig,* 302 Minn. 419, 442, 234 N.W.2d 775, 790 (1975), *cert. denied,* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976).

## II. Waiver/Estoppel

■ The trial court ruled a waiver of the jurisdictional defense was created by American International's participation in discovery and apparent willingness, prior to the motion for dismissal, to continue as a party. The trial court also estopped American International from disputing the state's jurisdiction. "Estoppel depends on the facts of each case and ordinarily presents a question for the * * * [factfinder]." *Brenner v. Nordby,* 306 N.W.2d 126, 127 (Minn. 1981). Ultimately, however, questions of civil procedure are questions of law and this court need not defer to the conclusions of law drawn by the trial court from undisputed facts. *See Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349, 354 (Minn. 1977).

Minn.R.Civ.P. 12.02 states how defenses will be presented.

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person * * *. A motion

making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion.

Minnesota no longer distinguishes general from special appearances; the inclusion of the jurisdictional defense in a responsive pleading does not constitute submission to the court's jurisdiction. *Anderson v. Mikel Drilling Co.,* 257 Minn. 487, 495–96, 102 N.W.2d 293, 300 (1960). American International properly raised the jurisdictional defense.

The Wilkies claim, in the face of Minn.R. Civ.P. 12.02, that discovery efforts subsequent to the invocation of the jurisdictional defense constitute a waiver.

> A party who takes or consents to any step in a proceeding which assumes that jurisdiction exists or continues has made a general appearance which subjects him to the jurisdiction of the court.

*Wachsmuth v. Johnson,* 352 N.W.2d 132, 133 (Minn.Ct.App.1984) (quoting *Slayton Gun Club v. Town of Shetek,* 286 Minn. 461, 467, 176 N.W.2d 544, 548 (1970)).

*Wachsmuth* does not support the Wilkies' position. Appellant's first appearance in *Wachsmuth* with the trial court consisted of a motion to reduce child support arrears and to relieve him of the support obligation. Since appellant acted as if jurisdiction existed by his appearance, his failure to initially raise his jurisdictional defense created a waiver. *Id. Wachsmuth* cannot be used to revive the mummified principles of general and special appearances when modern rules govern civil procedure.

> Since the defendants * * * properly challenged the jurisdiction of the court by * * * [motion], their subsequent appearances did not constitute a waiver of the defense.

*Anderson,* 257 Minn. at 496, 102 N.W.2d at 300; *see also Calloway v. National Services Industries, Inc.,* 93 A.D.2d 734, 461 N.Y. S.2d 280 (App.Div.1983) (reversing trial court's finding of implied waiver of juris-

dictional defense after six years and seven motions to compel discovery) *aff'd,* 60 N.Y.2d 906, 470 N.Y.S.2d 583, 458 N.E.2d 1260 (1983); *Danielson v. Brody Seating Co.,* 71 Wis.2d 424, 238 N.W.2d 531, 535 (1976) ("If a defendant has properly raised his objection to jurisdiction in his answer, he may later take part in pre-trial discovery or otherwise contest the merits of the action without waiving his objections to personal jurisdiction.").

### DECISION

 Allied did not raise the jurisdictional defense by motion or responsive pleading and as a result has submitted to Minnesota's jurisdiction. American International properly raised the jurisdictional defense and did not waive the defense by participating in the discovery process. We affirm the trial court's decision as to Allied and reverse as to American International.

Affirmed in part, reversed in part.