Mary Ellen PETERSON, and County of
Ramsey, Petitioners, Appellants,

v.

Larry Lee EISHEN, Respondent.

No. C9–92–1296.

Supreme Court of Minnesota.

Feb. 11, 1994.

Tom Foley, Ramsey County Attorney, Susan E. Gaertner, Asst. County Atty., St. Paul, for appellants.

John Trojack, St. Paul, for respondent.

## OPINION

GARDEBRING, Justice.

This appeal arises from a 1982 default paternity adjudication declaring respondent, Larry Lee Eishen, the father of appellant Mary Ellen Peterson's daughter. In 1991 Eishen moved to vacate the default judgment of paternity and subsequent orders for child support based on lack of jurisdiction due to inadequate service of process. A family court referee denied his motion, but the district court reversed and vacated the judgment and orders as void for lack of personal jurisdiction due to inadequate service of process. The court of appeals agreed, affirming the trial court 495 N.W.2d 223. We affirm on the same basis.

Peterson's child was born in August of 1974. In 1982 the county attorney filed a paternity action against Eishen and attempted to serve him by substitute service of process at what the county attorney thought was his usual place of abode. Eishen was declared the father of Peterson's child in a default paternity adjudication in September of 1982. After a subsequent hearing at which Eishen did not appear, orders for child support were entered. Subsequently, the county collected some child support payments by intercepting Eishen's tax returns. In 1986 Eishen contacted the county attorney's office and voluntarily agreed to submit to a blood test. The blood test results revealed with 99.179% accuracy that Eishen is the father of Peterson's child.[1] The county attorney filed the blood test results in the district court, but there is no evidence that Eishen was served with a copy of the results.

In November of 1991, five years after the blood testing and nine years after the default judgment, Eishen moved the district court to vacate the judgment of paternity and child support orders, alleging inadequate service of process. A family court referee denied his motion, finding that the 1982 service of process was adequate substitute service and that Eishen knew of appellant's claims and did not seek relief from the judgment within a reasonable time.

The district court reversed, concluding the 1982 judgment was void for lack of personal jurisdiction due to inadequate service of process. The district court also vacated the subsequent child support orders and ordered the county to repay all child support it had collected. The court of appeals affirmed the district court, holding the paternity judgment void because the summons and complaint were not served at Eishen's usual place of abode and Eishen did not submit to the jurisdiction of the court by taking a blood test.

Peterson argued below that the attempted substitute service of process was adequate, but now concedes that it was defective. Therefore, she makes two arguments to support her claim that the district court erred in voiding the 1982 judgment. Peterson argues first that by voluntarily agreeing to a blood test to determine paternity the defendant submitted to the jurisdiction of the court and waived his jurisdictional defense. Peterson also argues that Eishen's motion to vacate the judgment of paternity was time-barred because motions to vacate a void judgment must be made within a reasonable time. We disagree and consider each of appellant's arguments in turn.

The decision to grant a motion to vacate a default judgment rests within the trial court's discretion. *Hovelson v. U.S. Swim and Fitness, Inc.*, 450 N.W.2d 137 (Minn.App.1990), *pet. for rev. denied* (Minn., Mar. 16, 1990). We will not disturb a decision on a motion to vacate a default judgment absent an abuse of discretion. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 31, 53 N.W.2d 454, 457 (1952). In general, a valid judgment cannot be rendered against a party without due service of pro-

---

1. A result indicating a likelihood of paternity is 99% or greater creates a statutory presumption that a defendant is the father under Minn.Stat. 257.62, subd. 5(b) (1992).

cess upon him. *Lange v. Johnson,* 295 Minn. 320, 204 N.W.2d 205 (1973). We have held, however, that a party who takes or consents to any step in a proceeding which assumes that jurisdiction exists or continues has made a general appearance which subjects him to the jurisdiction of the court. *Slayton Gun Club v. Town of Shetek,* 286 Minn. 461, 176 N.W.2d 544 (1970).

The issue before us is whether Eishen has taken any action which would bring him within the jurisdiction of the court under our holding in *Slayton.* The actions at issue consist of a single contact with the county attorney, who was the petitioner in the paternity action, and voluntary agreement to take a blood test to determine paternity of Peterson's child. There is no evidence that Eishen took the blood test in response to any action of the court, nor that Eishen had any contact with the court or was served with any court document. Peterson essentially argues that a defendant submits to the jurisdiction of the court by making one contact with the opposing party in a lawsuit. We do not agree.

■ We have generally held that a defendant submits to the jurisdiction of the court, although improperly served, only where the defendant has taken some affirmative step invoking the power of the court or implicitly recognizing its jurisdiction. For example, where a defendant had obtained extensions of time within which to move or answer, filed a motion to compel arbitration, appealed the denial of that motion and obtained court approval of a bond, we held that he had submitted to the court's jurisdiction. *Mississippi Valley Development Corp. v. Colonial Enterprises,* 300 Minn. 66, 217 N.W.2d 760 (1974). On the other hand, where a defendant sought to serve an answer and counterclaim which were returned to her before the court entered a default judgment against her, we held that her action could not be deemed a submission to the jurisdiction of the court. *Hengel v. Hyatt,* 312 Minn. 317, 252 N.W.2d 105 (1977).

■ In each case Peterson cites as support for her position, the defendant was aware of the action and took some positive step implicitly recognizing the court's jurisdiction. Peterson relies on a court of appeals case, *Wachsmuth v. Johnson,* 352 N.W.2d 132 (Minn.App.1984) in which the defendant was held to have submitted to the jurisdiction of the court after a default paternity adjudication. *Wachsmuth,* however, is distinguishable because there the defendant moved for a reduction in his child support arrearages before moving to vacate the judgment as void because of inadequate service of process. *Id.* at 133. In *Matter of Grosfelt,* 718 S.W.2d 670 (Tenn.App.1986), also cited by Peterson, the court held that a defendant in a paternity action had waived objections as to service of process because he made informal arrangements with the petitioner's attorney to take blood tests. In that case, however, the court had granted the defendant an extension of time to either submit to court-ordered blood tests or to contest the court's personal jurisdiction over him, and the defendant agreed to take the test before the deadline. *Id.* at 671. The court had continued the case for the tests to be completed with the agreement of both parties' attorneys. *Id.*[2] Here, Eishen's first contact with the court was his challenge to the court's jurisdiction.

This case falls outside of our holding in *Slayton* because there is no evidence in the record that Eishen had any contact with the court which adjudicated his paternity. Voluntary submission to a blood test without a court order or any other contact with the court does not constitute submission to the jurisdiction of a court which has previously adjudicated paternity. In the absence of some contact with the court, we hold that Eishen did not submit to the jurisdiction of the court.

We turn next to whether the defendant's motion to vacate the judgment of paternity

---

**2.** *See also Hall v. State, Dept. of Health and Rehabilitative Services,* 487 So.2d 1147 (Fla.App. 1986) (signing of stipulation agreement providing for blood testing and approved by the court was waiver of jurisdictional defense of lack of service of process in a paternity action); *In re Paternity of K.J.E.,* 168 Wis.2d 209, 483 N.W.2d 588 (App.

1992) (signing and returning a "Waiver of First Appearance" form which contained the plea he had decided to enter prior to contesting personal service constituted submission to the jurisdiction of the court); *Hood v. Haynes,* 7 Kan.App.2d 591, 644 P.2d 1371 (1982) (writing letter to trial judge prior to default judgment was an appearance).

and child support orders was timely. The statute governing paternity actions provides that all motions subsequent to a judgment or order, other than those relating to custody and visitation, shall proceed in accordance with chapter 518 of Minnesota Statutes. Minn.Stat. 257.66, subd. 3 (1992). Our rules of civil procedure and chapter 518 provide for reopening a void judgment. Minn.R.Civ.P. 60.02(d); Minn.Stat. § 518.145, subd. 2(4) (1992). The rule and the statute are identical for purposes of the issue before this court.[3] The same abuse of discretion standard of review applies to decisions under both provisions. *Maranda v. Maranda*, 449 N.W.2d 158 (Minn.1989).

■ Although the language of the rule and the statute indicate that motions to vacate void judgments must be made within a reasonable time, we have previously held that there is no time limit for commencing proceedings to set aside a judgment void for lack of jurisdiction over the subject matter or over the parties. *Lange v. Johnson*, 295 Minn. 320, 204 N.W.2d 205 (1973) (applying Minn.R.Civ.P. 60.02); *Beede v. Nides Finance Corp.*, 209 Minn. 354, 296 N.W. 413 (1941). A void judgment is legally ineffective; it may be vacated by the court which rendered it at any time. *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir.1990); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir.1971) (holding defendant's failure to move to vacate default judgment within reasonable time after its entry did not preclude motion to vacate the judgment for lack of personal jurisdiction). A void judgment cannot gain validity by the passage of time. *In re Center Wholesale, Inc.*, 759 F.2d 1440 (9th Cir.1985); *Austin v. Smith*, 312 F.2d 337, 343 (D.C.Cir.1962).

■ Relying on the reasonable time limitation in the statute, Peterson argues that this case presents an exceptional situation in which the court should require diligence on the part of the party moving to vacate the judgment. Although there were a number of instances after the paternity adjudication where Eishen may have learned of the lawsuit against him, on the record before us we cannot say with certainty that he acquired such knowledge. Because we cannot determine when Eishen may have obtained knowledge of the lawsuit, we decline to rule on whether this case presents extraordinary circumstances justifying a departure from the general rule that void judgments can be vacated at any time. The lower courts found that Eishen's inaction could not confer jurisdiction that did not otherwise exist. This conclusion is in accordance with our precedents and was not an abuse of discretion.

Affirmed.

---

3. Minn.R.Civ.P. 60.02 provides,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment (other than a divorce decree), order or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (a) Mistake, inadvertence, surprise, or excusable neglect; (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 59.03; (c) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) The judgment is void; * * * The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after the judgment, order or proceeding was entered or taken. * * *

Minn.Stat. § 518.145, subd. 2 (1992) provides,

> On motion and upon terms as are just, the court may relieve a party from a judgment and decree, order or proceeding under this chapter, except for provisions dissolving the bonds of marriage, annulling the marriage, or directing that the parties are legally separated, and may order a new trial or grant other relief as may be just for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under the rules of civil procedure, rule 59.03; (3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party; (4) the judgment and decree or order is void; * * * The motion must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken. * * *