Colleen IGO, Respondent,

v.

Alex CHERNIN, Appellant.

No. C5–95–1195.

Court of Appeals of Minnesota.

Dec. 26, 1995.

John G. Westrick, Vincent F. Waters, Westrick & McDowall–Nix, P.L.L.P., St. Paul, for respondent.

Marc S. Berris, Jerry Strauss, Strauss & Associates, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and WILLIS, JJ.

## OPINION

SCHUMACHER, Judge.

Alex Chernin appeals, arguing that service of process requirements were not fulfilled. We conclude that he waived the issue, and we affirm.

## FACTS

On December 5, 1994, Colleen Igo filed an affidavit and petition for a harassment restraining order against Chernin. A temporary order was granted, and a hearing was scheduled for December 14, 1994. Igo failed to appear, and the court dismissed the petition. On December 14, a deputy sheriff filed a certificate of unserved process, stating that he had been to Chernin's residence twice and had left a message on his telephone answering machine, but received no response.

On December 27, 1994, Igo filed a second affidavit and petition. A temporary order was granted and a hearing was set for January 6, 1995. On January 6, a deputy sheriff filed another certificate of unserved process. The referee continued the hearing until January 20 and provided for notice by publication. Notice was published on January 11, and an affidavit of publication was filed on January 20.

Chernin failed to appear at the January 20 hearing, and the matter was continued to

February 8. Chernin filed a notice of taking Igo's deposition on January 25. On February 3, a deputy sheriff provided notice to the court that after due and diligent search he was unable to find Chernin. Chernin took Igo's deposition on February 6.

At the February 8 hearing, Chernin's counsel questioned the jurisdiction of the court. The case was continued to February 22. The referee ordered that notice be personally served on Chernin when he turned himself in on related criminal charges. A deputy sheriff was unable to serve Chernin, who posted bond before the deputy arrived.

On February 22, Chernin appeared with counsel at the hearing. Again, he argued that he had not been served as required by statute. The referee noted the objection and proceeded with the hearing. The referee issued the restraining order, and Chernin appealed to the district court. The district court affirmed, and Chernin appealed to this court.

### ISSUE

Does a party waive a defense of improper service by taking a deposition prior to raising the defense?

### ANALYSIS

Generally, a valid judgment may not be rendered against a party without due service of process. *Peterson v. Eishen,* 512 N.W.2d 338, 339–40 (Minn.1994). Whether service of process was proper is a question of law, which this court reviews de novo. *Amdahl v. Stonewall Ins. Co.,* 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). The requirement of personal jurisdiction is an individual right that may be waived. *Scott v. Scott,* 492 N.W.2d 831, 833 (Minn.App.1992).

Chernin contends that service was ineffective, and the district court erred by ruling on the merits of the petition. Igo argues that Chernin waived his defense of improper service (a) by attending the hearing and arguing on the merits or (b) by taking her deposition.

Chernin did not waive his defense by defending on the merits at the February 22 hearing. The distinction between general and special appearances was abolished by Minn. R. Civ. P. 12.02, which provides that no defense or objection is waived if it is joined with one or more other defenses or objections in a responsive pleading. *Anderson v. Mikel Drilling Co.,* 257 Minn. 487, 495, 102 N.W.2d 293, 300 (1960). An objection to jurisdiction is not waived by later appearing generally and defending on the merits. *Id.* at 495–96, 102 N.W.2d at 300. Chernin raised an objection to service at the February 22 hearing, before defending on the merits. That appearance did not constitute a waiver.

A defendant may also submit to jurisdiction by taking "some affirmative step invoking the power of the court or implicitly recognizing its jurisdiction." *Peterson,* 512 N.W.2d at 340. Examples of such "affirmative steps" include (1) obtaining extensions of time within which to move or answer; (2) filing a motion to compel arbitration; (3) appealing a denial of a motion; and (4) obtaining court approval of a bond. *Id.* (citing *Mississippi Valley Dev. Corp. v. Colonial Enters.,* 300 Minn. 66, 71, 217 N.W.2d 760, 763 (1974)). By taking Igo's deposition on the merits of the case before he asserted any objection to jurisdiction, Chernin recognized the court's jurisdiction and waived his objections. *Cf. Ball v. Barber,* 423 Pa.Super. 358, 621 A.2d 156, 158 (1993) (taking deposition on merits of case waives right to object to defective service of process).

Because we conclude that Chernin waived his defense, we do not address his objection.

### DECISION

The district court properly affirmed the referee's order.

**Affirmed.**