*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2171**

Lyon Financial Services, Inc.,
d/b/a U.S. Bancorp Business Equipment Finance Group
with its principal offices at Marshall, Minnesota,
Respondent,

vs.

Arjang Miremadi, M.D., Inc., a California corporation, et al.,
Appellants.

**Filed June 29, 2015
Affirmed
Connolly, Judge**

Lyon County District Court
File No. 42-CV-09-940

Troy C. Kepler, U.S. Bank National Association, Marshall, Minnesota (for respondent)

Lucas J. Thompson, Steven M. Cerny, Thompson Hall Santi Cerny & Katkov, Minneapolis, Minnesota (for appellants)

Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellants challenge the district court's denial of a rule 60.02 motion to vacate a default judgment, arguing that the district court erred by determining that (1) a motion to

vacate based on lack of personal jurisdiction must be brought within a reasonable time, and (2) appellants did not bring the motion within a reasonable time. We affirm.

## FACTS

Appellants Arjang Miremadi M.D. Inc. and Arjang Miremadi, individually, entered into an E-Z Lease Agreement (the lease agreement) with respondent U.S. Bank National Association for the lease of two medical device systems.[1] The lease agreement contains the following forum-selection clause:

> 15. LAW: This Agreement will be deemed fully executed and performed in the state of Minnesota upon signing by U.S. Bancorp and will be governed by and construed in accordance with Minnesota law. You expressly consent to jurisdiction and venue of any state or federal court in the state of Minnesota and waive the right to object on the basis of Forum Non Conveniens. You waive the right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment.

Appellants failed to make timely payments under the agreement and respondent declared appellants to be in default. Respondent commenced this lawsuit against appellants by serving the summons and complaint on Arjang Miremadi on April 29, 2009, and on Arjang Miremadi M.D. Inc. on April 30, 2009. Appellants did not respond to the complaint. In 2009, a default judgment was entered and docketed in the amount of $286,249.06. Respondent subsequently attempted to domesticate the judgment in California but was not successful.

In July 2014, appellants filed a motion to vacate the default judgment arguing that it was void for lack of personal jurisdiction under Minn. R. Civ. P. 60.02(d). Respondent

---

[1] Respondent is the successor by merger to Lyon Financial Services Inc.

argued that appellants' motion was not made within a "reasonable time" as required by Minn. R. Civ. P. 60.02 and that the forum-selection clause in the lease agreement conferred personal jurisdiction over appellants.

On October 31, the district court denied appellants' motion to vacate the default judgment, concluding that appellants' motion was not brought within a reasonable time under Minn. R. Civ. P. 60.02. The district court did not reach the merits of appellants' personal jurisdiction argument. This appeal follows.

## D E C I S I O N

### I.

"This court will not overturn a ruling on a motion to vacate a default judgment unless the district court abused its discretion." *Roehrdanz v. Brill*, 682 N.W.2d 626, 631 (Minn. 2004). "The district court has broad discretion in deciding whether to grant or deny a rule 60.02 motion." *Northland Temporaries, Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008) (citing *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973)), *review denied* (Minn. Apr. 29, 2008). "But broad discretion does not mean that the discretion is unlimited." *Id.* (citing *Spicer v. Carefree Vacations, Inc.*, 370 N.W.2d 424, 426 (Minn. 1985)). "[T]he supreme court has held that, 'if the [district] court has acted under a misapprehension of the law,' the decision will be reversed on appeal even though the opening of a default judgment 'lies almost wholly within the sound discretion of the [district] court.'" *Id.* (quoting *Sommers v. Thomas*, 251 Minn. 461, 469, 88 N.W.2d 191, 196-97 (1958)). "Whether personal jurisdiction exists is a question of law

3

which we review de novo." *Juelich v. Yamazaki Mazak Optonics Corp.*, 682 N.W.2d 565, 569 (Minn. 2004).

Appellants argue that the district court erred by concluding that a motion to vacate based on a lack of personal jurisdiction must be brought within a reasonable time. We disagree. A party may be granted relief from a judgment if the judgment is void. Minn. R. Civ. P. 60.02(d). A judgment is void if the issuing court lacks personal jurisdiction. *Bode v. Minn. Dep't of Natural Res.*, 594 N.W.2d 257, 261 (Minn. App. 1999), *aff'd*, 612 N.W.2d 862 (Minn. 2000). The motion to vacate a void judgment must be made within a reasonable time. Minn. R. Civ. P. 60.02.

As a preliminary matter, in district court, appellants did not argue that the "reasonable time" requirement in Minn. R. Civ. P. 60.02 does not apply to a motion to vacate for lack of personal jurisdiction. Instead, appellants argued that the motion to vacate was brought within a reasonable time. Generally, "litigants are bound [on appeal] by the theory or theories, however erroneous or improvident, upon which the action was actually tried below." *Annis v. Annis*, 250 Minn. 256, 262-63, 84 N.W.2d 256, 261 (1957). A "well-established" exception to the rule allows the court to consider an issue that is plainly decisive of the entire controversy and the lack of a district court ruling causes no possible advantage or disadvantage to either party. *Watson v. United Servs. Auto. Ass'n*, 566 N.W.2d 683, 687-88 (Minn. 1997) (deciding new issue on appeal where it was novel issue of first impression, statute-based theory, and undisputed facts).

Appellants argue that the district court erred by relying on *Bode*, which deals with subject matter jurisdiction, to conclude that a motion to vacate based on lack of personal

jurisdiction must be made within a reasonable time under Minn. R. Civ. P. 60.02. Instead, appellants argue that *Peterson v. Eishen*, 512 N.W.2d 338 (Minn. 1994) states that the "reasonable time" requirement does not apply to judgments that are void due to a lack of personal jurisdiction.

In *Peterson*, a putative father moved to vacate a default judgment of paternity and subsequent orders for child support based on a lack of personal jurisdiction due to inadequate service of process. 512 N.W.2d at 339. The district court granted his motion and the mother appealed. *Id.* The Minnesota Supreme Court concluded that a void judgment due to lack of personal jurisdiction based on ineffective service may be vacated at any time and stated:

> Although the language of the rule and the statute indicate that motions to vacate void judgments must be made within a reasonable time, we have previously held that there is no time limit for commencing proceedings to set aside a judgment void for lack of jurisdiction over the subject matter or over the parties. A void judgment is legally ineffective; it may be vacated by the court which rendered it at any time. A void judgment cannot gain validity by the passage of time.

*Id.* at 341 (citations omitted).

But, in *Bode*, the supreme court specifically declined to follow *Peterson* and noted that the *Peterson* ruling "did not foreclose the possibility that extraordinary circumstances could be presented that would justify a departure from [the general rule that time limits imposed by Rule 60.02 do not apply to motions to vacate for lack of jurisdiction]." *Bode*, 612 N.W.2d at 869. In *Bode*, landowners brought an action against the Minnesota Department of Natural Resources (MDNR), seeking to void the

5

designation of parcel of their land as protected wetland. *Id.* at 864. The district court granted MDNR's motion for summary judgment and dismissed the landowners' claims but later granted the landowners' motion to vacate the order for lack of subject matter jurisdiction. *Id.* at 864-65. The supreme court noted that courts had previously overlooked Minn. R. Civ. P. 60.02's "reasonable time" requirement for moving to vacate judgments void for lack of subject matter jurisdiction, in favor of the *Peterson* rule that all void judgments could be challenged at any time, but held that a "motion under Minn. R. Civ. P. 60.02(d) directly attacking an allegedly void judgment for lack of subject matter jurisdiction must be brought within a reasonable time. *Id.* at 863-64, 69.

Appellants are correct in noting that *Bode* specifically refers to motions to vacate for lack of subject matter jurisdiction, rather than personal jurisdiction. But, Minn. R. Civ. P. 60.02 clearly states that motions to vacate void judgments must be brought within a reasonable time. Additionally, this court in two unpublished opinions, which we find persuasive, has applied the reasonable time requirement to motions to vacate for lack of personal jurisdiction. *Insulation Distribs., Inc. v. Bourque*, No. A14-0547, 2014 WL 7449799, at *3 (Minn. Ct. App. Jan. 5, 2015) ("[A]lthough there is no time limit on when a district court may entertain such a motion [to vacate a judgment for lack of personal jurisdiction], the motion to vacate a void judgment must be made within a reasonable time."); *Healthspan Servs. Co. v. Vestal*, No. C6-01-132, 2001 WL 1034565, at *2 (Minn. App. Sept. 11, 2001) ("As in *Bode*, appellant has not offered any reasons why this motion was not brought earlier . . . We find no abuse of discretion in the district court's determination that appellants' delay of approximately two and one-half years before

6

[moving to vacate and order for lack of personal jurisdiction] was not a reasonable amount of time."). Therefore, we conclude that the district court did not err by concluding that a motion to vacate for lack of personal jurisdiction under Minn. R. Civ. P. 60.02 must be brought within a reasonable time.

## II.

Appellants argue that if the reasonable time requirement applies, the district court erred by determining that they did not bring their motion to vacate within a reasonable time. The duration of a "reasonable time" varies depending on the facts of each case. *Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 177 (Minn. App. 2009). "[W]hat is a reasonable time must be determined by considering all attendant circumstances such as: intervening rights, loss of proof by or prejudice to the adverse party, the commanding equities of the case, the general desirability that judgments be final and other relevant factors." *Bode*, 612 N.W.2d at 870 (quotation omitted).

Both appellants were served with the summons and complaint in April 2009. The judgment was entered in June 2009 and docketed in September 2009. Five years later, in 2014, appellants sought to vacate the judgment. Appellants have not explained why they did not bring the motion sooner and have not presented any evidence indicating that they were not aware of the judgment. Accordingly, we conclude that the district court did not err by concluding that appellants' motion was not brought within a reasonable time.

Even if appellants' motion was brought within a reasonable time, appellants have not shown that the default judgment is invalid for lack of personal jurisdiction.

7

Appellants argued in district court that the forum-selection clause is invalid, but the district court did not rule on this issue. The existence of personal jurisdiction is determinative of the entire controversy and neither party has been prejudiced by the lack of a prior ruling. *Mahoney & Hagberg v. Newgard*, 712 N.W.2d 215, 218-19 (Minn. App. 2006.) An appellate court may decide an issue not determined by the district court where the question is determinative of the entire controversy and neither party is prejudiced by the lack of a prior ruling, as in the instance of undisputed facts. *Harms v. Indep. Sch. Dist. No. 300*, 450 N.W.2d 571, 577 (Minn. 1990).

A party may submit to personal jurisdiction by entering into a valid forum selection clause. *TRWL Fin. Establishment v. Select Int'l, Inc.*, 527 N.W.2d 573, 578 (Minn. App. 1995). Whether a forum-selection clause applies is a question of law, which this court reviews de novo. *See Northwest Airlines, Inc. v. Friday*, 617 N.W.2d 590, 592 (Minn. App. 2000) (stating that the existence of personal jurisdiction is a legal question). When parties to a contract agree to a forum-selection clause, that agreement "should be given effect unless it is shown by the party seeking to avoid the agreement that to do so would be unfair or unreasonable." *Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc.*, 320 N.W.2d 886, 890 (Minn. 1982). "The elements of unreasonableness can be divided into three categories: (1) the chosen forum is a seriously inconvenient place for trial; (2) the choice of forum agreement is one of adhesion; and (3) the agreement is otherwise unreasonable." *Id.*

Appellants have not provided evidence to show that Minnesota is a seriously inconvenient place for trial, that the forum-selection clause is one of adhesion, or that the

agreement is otherwise unreasonable. The contract here was signed by two business entities. There is no dispute that the parties voluntarily entered into the forum-selection clause and no evidence to suggest that the parties had unequal bargaining power. Additionally, appellants have not demonstrated how the forum-selection clause contravenes public policy. Consequently, because appellants have not shown that the forum-selection clause is invalid, we conclude that the district court did not err by refusing to vacate the default judgment as void for lack of personal jurisdiction.

**Affirmed.**