In re the Marriage of Susan Terese **MESENBOURG, n/k/a Susan Terese Baratto, petitioner, Respondent,**

v.

**Jerome Edward MESENBOURG, Jr., Appellant.**

No. C3–95–675.

Court of Appeals of Minnesota.

Oct. 3, 1995.

D. Patrick McCullough, McCullough, Smith & Wright, P.A., St. Paul, for Respondent.

Michael G. Singer, M.G. Singer Law Offices, Ltd., Minneapolis, for Appellant.

Considered and Decided by RANDALL, P.J., and NORTON and DAVIES, JJ.

## OPINION

RANDALL, Judge.

## FACTS

Jerome Mesenbourg (appellant) and Susan Baratto (respondent) lived in Minnesota and were married in Minnesota. On June 1, 1993, respondent served the summons for her petition for dissolution. At the commencement of the case, appellant lived in Saipan. Throughout the action, appellant lived in the Commonwealth of the Northern Marianas Islands and other Pacific island territories, and did not appear personally at any proceedings in this case. Appellant was represented by counsel at some hearings, however.

Appellant's counsel argued at a hearing that the trial court did not have valid personal jurisdiction over appellant. Appellant's counsel requested an opportunity to file a motion challenging personal jurisdiction. On October 19, 1993, the trial court ordered the parties to file motions regarding jurisdictional issues by January 7, 1994. Appellant did not file a motion regarding personal jurisdiction.

On June 10, 1994, a dissolution decree was filed, dissolving the parties' marriage and declaring that respondent's unborn child was not issue of the marriage. The parties agreed to this dissolution decree.

After appellant failed to respond to discovery, failed to sign answers to interrogatories under oath, failed to sign authorizations, and failed to file pleadings, respondent moved for a default judgment. On June 30, 1994, there was a trial on this issue and notice was sent to appellant's counsel. When appellant and his counsel failed to appear at trial, the trial court filed an order for default judgment on July 7, 1994. The order, however, stayed judgment to allow appellant to cure the default if he complied with the court's conditions within 15 days.

After a month with no action by appellant, respondent moved for entry of the default judgment. The trial court held a hearing on this issue on November 11, 1994. Respondent, respondent's counsel, and appellant's counsel were present. The trial court entered default judgment on November 18, 1994. On December 6, 1994, respondent served notice of default judgment on appellant's counsel.

On February 16, 1995, appellant filed a motion to vacate the default judgment, arguing the trial court did not have valid personal jurisdiction. The trial court held a hearing on the motion and denied appellant's motion to vacate the default judgment. The trial court found that appellant failed to file a motion within the 15-day time limit included in rule 59.03 and that appellant submitted to the trial court's jurisdiction.

On March 28, 1995, appellant filed his notice of appeal from the default judgment and also from the trial court's denial of his motion to vacate the default judgment. Appellant did not order transcripts and stated in his notice of appeal that transcripts were not necessary.

Because appellant's notice of appeal was filed more than 90 days after the default judgment had been entered, this court questioned appellate jurisdiction. On April 25, 1995, a special term panel of this court dismissed the appeal from the default judgment as untimely, but deferred to this panel the issue of whether to dismiss the remaining appeal.

On May 12, 1995, respondent moved this court to require appellant to order tran-

scripts and also moved to dismiss the appeal for failure to provide an adequate record. On May 30, 1995, a special term panel denied respondent's motion to require appellant to order transcripts and deferred to this panel the issue of whether to dismiss the appeal for failure to provide an adequate record.

On June 19, 1995, appellant moved to strike portions of respondent's brief. On June 21, 1995, a special term panel deferred to this panel the issue of whether to strike portions of respondent's brief and whether to impose sanctions.

## ISSUES

1. Did appellant submit to the trial court's jurisdiction by failing to file a 12.02(b) motion within the time allowed by the trial court?

2. Did appellant participate in the original action in such a way that this court should dismiss his appeal from the order denying his motion to vacate the default judgment for lack of personal jurisdiction?

3. Did appellant prepare such an inadequate record that the entire appeal should be dismissed?

4. Did respondent include material outside the record on appeal and if so, should the material be stricken from the record and should sanctions be imposed?

## ANALYSIS

■ When an appellant fails to provide a transcript, the reviewing court is limited to deciding whether the trial court's conclusions of law are supported by the findings. *Duluth Herald & News Tribune v. Plymouth Optical Co.*, 286 Minn. 495, 498, 176 N.W.2d 552, 555 (1970). On appeal from denials of motions to vacate default judgments, the reviewing court must determine whether the trial court abused its discretion. *Foerster v. Folland*, 498 N.W.2d 459, 460 (Minn.1993). A reviewing court, however, is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

### 1. Submission to Trial Court's Jurisdiction

■ Appellant argues the trial court lacked personal jurisdiction, and that the trial court thus erred in denying his motion to vacate the default judgment. The appropriate method to challenge personal jurisdiction is to bring a motion to dismiss pursuant to Minn.R.Civ.P. 12.02(b). *See generally* 1 Douglas D. McFarland & William J. Keppel, *Minnesota Civil Practice*, § 703 (2d ed. 1990). A defendant does not need to make a general appearance and submit to personal jurisdiction when raising the defense of lack of personal jurisdiction and filing an answer. Minn.R.Civ.P. 12.02. In Minnesota, the practice of special appearances was abolished by Minn.R.Civ.P. 12.02, and a defendant may raise the personal jurisdiction issue by motion without submitting to the trial court's jurisdiction. Once the defendant challenges the court's personal jurisdiction, the plaintiff has the burden to show that valid personal jurisdiction exists. *Sausser v. Republic Mtg. Investors*, 269 N.W.2d 758, 761 (Minn.1978).

■ Appellant argues the trial court did not have valid personal jurisdiction because he does not have sufficient minimum contacts with Minnesota. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (stating due process requires that personal jurisdiction be exercised only when the defendant has sufficient minimum contacts with the forum state).

Before the trial court, appellant requested an opportunity to file a motion challenging personal jurisdiction, and the trial court granted appellant's request. In an order filed October 19, 1993, the trial court ordered that motions regarding jurisdictional issues be filed by January 7, 1994. Appellant failed to file a motion before that date. The trial court concluded that appellant submitted to the trial court's jurisdiction. The trial court did not err in its conclusion.

■ Personal jurisdiction is an individual right that a party can waive like other such rights. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982); *Scott v. Scott*, 492 N.W.2d 831, 833

(Minn.App.1992). Appellant does not argue notice of this action or service were inadequate. Appellant's failure to file a motion challenging personal jurisdiction, after requesting an opportunity to do so, and having been granted an opportunity to do so, operated in a manner such that appellant submitted to the trial court's jurisdiction. Appellant also benefitted from the trial court's entry of the dissolution decree on June 10, 1994, clarifying his status with respect to respondent's unborn child. The trial court had valid personal jurisdiction.

### 2. Dismiss Appeal from February 28, 1995 Order

On April 25, 1995, a special term panel of this court dismissed the appeal from the default judgment filed November 18, 1994. The special term panel, however, deferred to this panel the issue of whether to dismiss the appeal from the February 28, 1995 order denying appellant's motion to vacate the default judgment. The special term panel stated that the "critical factor" which makes the denial of some motions to vacate appealable "is whether defendant participated in the original action so that an appeal from the judgment would also raise propriety of its vacation." See Spicer v. Carefree Vacations, Inc., 370 N.W.2d 424, 425 (Minn.1985) (stating language regarding defendant's participation).

■ The appropriate method to seek review of a default judgment in a marriage dissolution proceeding is to move the trial court for relief under Minn.Stat. § 518.145 (1994). Peterson v. Eishen, 512 N.W.2d 338, 341 (Minn.1994). If the trial court denies the motion, then the party may appeal either from the judgment or from the denial of the motion. Lyon Dev. v. Ricke's, Inc., 296 Minn. 75, 207 N.W.2d 273 (1973); Thorp Loan & Thrift Co. v. Morse, 451 N.W.2d 361, 363 (Minn.App.1990), review denied (Minn. April 13, 1990).

■ There are only a limited number of issues that may be raised in a direct appeal from a default judgment. These include arguing that the plaintiff's complaint did not state a cause of action or that the relief granted was not justified by the complaint. See Thorp Loan & Thrift, 451 N.W.2d at 363 (discussing issues that may be raised in direct appeal).

■ Appellant did participate in the original action through counsel to some degree. But the issue appellant raises is not the type of issue one would raise in a direct appeal. Rather, personal jurisdiction is an issue that is properly raised in a motion to the trial court to vacate the default judgment in a dissolution action under Minn.Stat. § 518.145 (1994). Therefore, appellant properly brought the appeal from the February 28, 1995, order denying his motion to vacate the default judgment.

■ An issue not raised by the parties is whether the trial court correctly found appellant's motion to vacate the default judgment untimely. Chapter 518 and the rules of civil procedure provide for reopening a void judgment. Minn.Stat. § 518.145, subd. 2(4); Minn.R.Civ.P. 60.02(d).[1] The statute and the

---

1. Minn.Stat. § 518.145, subd. 2 provides,
 On motion and upon terms as are just, the court may relieve a party from a judgment and decree, order, or proceeding under this chapter, except for provisions dissolving the bonds of marriage, annulling the marriage, or directing that the parties are legally separated, and may order a new trial or grant other relief as may be just for the following reasons:
 (1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under the rules of civil procedure, rule 59.03;
 (3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party;

 (4) the judgment and decree or order is void;
 * * * The motion must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken.
 Minn.R.Civ.P. 60.02 provides,
 On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
 (a) Mistake, inadvertence, surprise, or excusable neglect;
 (b) Newly discovered evidence which by due diligence could not have been discovered in

rule are identical for purposes of the issue before this court. *See Peterson*, 512 N.W.2d at 341 (discussing standard of review where statute and rule are identical). The same abuse of discretion standard of review applies to decisions under both provisions. *Id.*

 Although the language of the statute and the rule indicate that motions to vacate void judgments must be made within a reasonable time, the supreme court has held that there is no time limit for commencing proceedings to set aside a judgment void for lack of jurisdiction over the subject matter or over the parties. *Id.* A void judgment is legally ineffective; it may be vacated by the court which rendered it at any time, and a void judgment cannot become valid through the passage of time. *Id.*

 The trial court ruled appellant's motion untimely based on the 15–day time limit in rule 59.03. The trial court erred in basing its decision on rule 59.03's 15–day time limit. However, this issue is not dispositive, because appellant waived the personal jurisdiction issue by failing to file a motion pursuant to rule 12.02(b) after requesting and having been granted such an opportunity. Because appellant thus consented to the court's jurisdiction, the default judgment is not void for lack of personal jurisdiction. The trial court did not abuse its discretion in denying appellant's motion to vacate the default judgment. In exercising its discretion, the trial court could have decided to grant appellant relief from the default judgment and to entertain a motion to dismiss pursuant to rule 12.02(b). But under the circumstances of this case, the trial court acted within its discretion in deciding as it did.

### *3. Record on Appeal*

 Appellant did not request transcripts from any of the hearings. Respondent filed an untimely motion before this court to compel appellant to order transcripts, which a special term panel of this

court denied. The special term panel, however, deferred to this panel the issue of whether to dismiss the case because of an inadequate record on appeal.

 When an appellant fails to provide a transcript, this court's review is limited to whether the trial court's conclusions of law are supported by the findings. *Duluth Herald*, 286 Minn. at 498, 176 N.W.2d at 555. An appellant has the burden to provide an adequate record. *Noltimier v. Noltimier*, 280 Minn. 28, 29, 157 N.W.2d 530, 531 (1968). While a transcript would be helpful in discerning exactly what arguments were made before the trial court, the record is not so inadequate that the appeal must be dismissed. The issues on appeal are legal. The motions, memoranda, and affidavits of the parties, together with the decisions of the trial court, provide an adequate record upon which this court can make its decision.

### *3. Appellant's Motion to Strike Portions of Respondent's Brief*

Appellant moved to strike portions of respondent's brief, arguing there was no support in the record for them. The record on appeal includes papers filed in the trial court, the exhibits, and the transcript of the proceedings. Minn.R.Civ.App.P. 110.01.

 First, appellant points to respondent's statement that, "[a]ppellant lived in Minnesota and temporarily left the State to practice law outside the State of Minnesota." In respondent's petition for dissolution of marriage, she alleges appellant "intended on returning to the State of Minnesota." The dissolution petition supports respondent's statement and it is not necessary to strike this statement.

 Next appellant argues respondent's statement regarding whether appellant filed his tax returns in Minnesota should be stricken. Respondent stated, "appellant was still a resident of the State of Minnesota as he filed tax returns as a resident of the State

---

time to move for a new trial pursuant to Rule 59.03;
(c) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(d) The judgment is void;

* * * The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after the judgment, order or proceeding was entered or taken. * * *

of Minnesota." There was no reference in the record to appellant filing his taxes in Minnesota. Therefore this statement is stricken from the record.

 Finally, appellant argues respondent's statement regarding appellant's property is vague that, "he maintained property in the State of Minnesota." From respondent's brief, however, it is clear she only alleges he kept some furniture in storage. The record supports the fact that appellant kept furniture in storage. Therefore, the statement is not so vague that it must be stricken from the record. While the statement regarding tax returns is outside the record, the statement is inconsequential and did not affect our decision. We conclude sanctions are inappropriate.

## DECISION

Appellant submitted to the trial court's jurisdiction by requesting an opportunity to file a motion challenging personal jurisdiction and then failing to file such a motion within the time allowed by the trial court. The portion of the appeal from the denial of appellant's motion for relief from judgment is properly before this court. The trial court acted within its discretion in denying the motion for relief from judgment. The record on appeal is adequate. Although respondent's reference to matters outside the record on appeal must be stricken, no sanctions are appropriate.

**Affirmed.**