*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0838**

In the Matter of the Welfare of the Child of: J. L. H. and R. D., Parents.

**Filed October 19, 2015
Affirmed
Stauber, Judge**

Crow Wing County District Court
File No. 18JV15267

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Janine L. LePage, Assistant County Attorney, Brainerd, Minnesota (for respondent)

John P. Chitwood, Chitwood & Davey, P.L.L.C., St. Paul, Minnesota (for appellant JLH)

Eli Loven, Pequot Lakes, Minnesota (Guardian Ad Litem)

Considered and decided by Smith, Presiding Judge; Peterson, Judge; and Stauber, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from the district court's adjudication of her child as in need of protection or services (CHIPS), appellant-mother argues that (1) the district court should not have proceeded by default and (2) the record does not support the determination that the child is CHIPS due to lack of parental care. We affirm.

## FACTS

On January 21, 2015, a CHIPS petition was filed by respondent Crow Wing County Social Services alleging that on January 16, 2015, appellant J.L.H. left her six-year-old son Z.A.H. in a respite care without providing him a change of clothes.[1] After appellant failed to contact the respite provider or pick Z.A.H. up by the morning of January 18 as previously arranged by appellant, the child was placed on a 72-hour police protective hold. Later in the day on January 18, appellant contacted the respite provider and stated that her life was "in chaos," that she was attempting to move out of her residence, and that she had been bringing personal items to a family member's residence. The petition further alleged that appellant's mother, T.E., told respondent that appellant had instructed T.E. to falsely inform respondent that appellant had been at T.E.'s residence while Z.A.H. was in respite care. T.E. also stated that appellant has a history of methamphetamine use and that she had started abusing the drug again in the past several months.

After several pretrial conferences, the matter came before the district court on April 28, 2015, for a CHIPS trial. On the day of trial, appellant failed to appear and counsel for appellant advised the district court that she had no explanation for appellant's absence. Respondent moved "for default," and the district court allowed respondent to "proceed."

---

[1] According to the CHIPS petition, R.D. is the child's alleged, but unadjudicated, father, and his present whereabouts are unknown.

Mark Barta, an "ongoing child protection worker" employed with respondent, testified that the information contained in the CHIPS petition is "true and correct." According to Barta, appellant "continues to test positive for methamphetamines," with her most recent positive test occurring three weeks earlier. Barta also testified that appellant has (1) no permanent housing; (2) failed to complete an updated chemical-use assessment; (3) allowed her medical assistance to lapse; (4) "refuse[d]" to attend a residential treatment program; and (5) made no arrangements for outpatient chemical-dependency treatment or otherwise addressed her chemical-dependency issues. Barta further testified that Z.A.H. is presently in relative foster care with his grandmother, T.E., and that the placement has the potential to become a permanent home.

The district court found that Barta "provided sufficient testimony to prove the CHIPS petition by clear and convincing evidence." Thus, the district court adjudicated Z.A.H. as CHIPS under Minn. Stat. § 260C.007, subd. 6(8) (2014). This appeal followed.

**D E C I S I O N**

**I.**

Appellant initially contends that because she appeared for the CHIPS trial "by and through her counsel," the district court erred by granting respondent's request "to proceed by default without compelling reasons that the hearing could be not be rescheduled." But on direct appeal from a default judgment, our scope of review is limited to examining "whether the evidence on record supports the findings of fact and whether the findings support the conclusions of law set forth by the [district] court." *Nazar v. Nazar*, 505

3

N.W.2d 628, 633 (Minn. App. 1993), *review denied* (Minn. Oct. 28, 1993), *superseded by statute on other grounds*, Minn. Stat. § 518.551, subd. 5b(d) (1992); *see Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 493 (Minn. App. 1995) ("There are only a limited number of issues that may be raised in a direct appeal from a default judgment. These include arguing that the plaintiff's complaint did not state a cause of action or that the relief granted was not justified by the complaint."). Here, appellant directly appealed the district court's default judgment rather than moving for a new trial or to vacate the judgment. Because her challenge to the district court's decision to allow respondent to proceed by default does not challenge the district court's findings of fact or conclusions of law, appellant's argument is not within this court's scope of review.

Moreover, although appellant's argument challenges a construction of the word "appear" under the rules of juvenile protection procedure, her argument essentially contests the district court's discretionary decision to not grant a continuance in the matter. Minn. R. Juv. Prot. P. 18.01 states that "if a parent . . . fails to appear for . . . a trial . . . after being properly served with a summons pursuant to Rule 32.02 or a notice pursuant to Rule 32.03 or 32.04, the court *may* receive evidence in support of the petition *or* reschedule the hearing." (Emphasis added.) Because the rule states that the district court "may" proceed with the trial or reschedule the matter, the district court's action was discretionary. *See* Minn. Stat. § 645.44, subd. 15 (2014) (stating that when used in a statute, "[m]ay is permissive" unless another intention clearly appears). Appellant does not claim that she failed to receive proper notice of the trial, nor does she offer an excuse for her failure to appear. In fact, trial counsel stated on the record that she did not know

4

of appellant's whereabouts. And, trial counsel did not request that the matter be continued in light of appellant's absence. Therefore, the district court did not abuse its discretion by not sua sponte ordering that the matter be continued.

**II.**

In order to adjudicate a child as CHIPS, a district court must conclude that at least one statutory basis in Minn. Stat. § 260C.007, subd. 6 (2014), exists and that the child "needs protection or services as a result." *See In re Welfare of Child of S.S.W.*, 767 N.W.2d 723, 732 (Minn. App. 2009). We review a CHIPS adjudication for "sufficiency of the evidence to determine whether the evidence is clear and convincing." *Id.* at 733. "Considerable deference is due to the district court's decision because a district court is in a superior position to assess the credibility of witnesses." *In re Welfare of L.A.F.*, 554 N.W.2d 393, 396 (Minn. 1996).

The district court adjudicated the child CHIPS under Minn. Stat. § 260C.007, subd. 6(8) (2014). That statute provides that a child is in need of protection or services if the child "is without proper parental care because of the emotional, mental, or physical disability, or state of immaturity of the child's parent, guardian, or other custodian." *Id.*

Appellant argues that the CHIPS adjudication is not supported by clear and convincing evidence because "[n]o testimony was received about any connection between [appellant's] methamphetamine use and alleged harm experienced by the minor child." We disagree. T.E. told a social worker that appellant had begun using methamphetamine again, and appellant tested positive for methamphetamine in both January and April 2015. Moreover, the record reflects that shortly before appellant tested

5

positive for methamphetamine in January 2015, she left her child with a respite provider from January 16 through January 18, without a change of clothes. She also failed to pick up the child at the scheduled time, and was unavailable for contact by the respite provider, which resulted in social services being called. The record further reflects that appellant told T.E. to lie about her whereabouts for the weekend Z.A.H. was with the respite provider. And when interviewed by a social worker, appellant admitted that her life was "chaotic" and that she was in the process of moving. Finally, Barta testified that appellant has "not obtained any kind of permanent housing" and that she is living temporarily with T.E. This evidence demonstrates that Z.A.H. is without proper parental care because of appellant's methamphetamine use and state of immaturity. Accordingly, there is clear and convincing evidence in the record to support the district court's finding that Z.A.H. is in need of protection or services.

**Affirmed.**