*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1155**

In re the Marriage of:

Odelia Castaneda Ortega, petitioner,
Respondent,

vs.

Selwin Ortega Romero,
Appellant.

**Filed January 19, 2016
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-FA-12-2130

Kenneth R. White, Law Office of Kenneth R. White, P.C., Mankato, Minnesota (for respondent)

James Heiberg, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from the district court's denial, via a consensual special magistrate (magistrate), of appellant-husband's motion to reopen the dissolution judgment, husband argues that (1) it was inequitable for the magistrate to not reopen the judgment based on

the parties' mutual mistake; (2) the judgment requires equal apportionment of the property tax liability; and (3) the magistrate erred in allowing respondent-wife's attorney to oppose the motion to reopen. We affirm.

## FACTS

Appellant Selwin Ortega Romero (husband) and respondent Odelia Castaneda Ortega (wife) were first married in April 1983 and divorced in October 1995. They remarried in February 1996. Both were born in Guatemala and are native Spanish speakers. Wife has a second-grade education and speaks very little English, frequently relying on her children for translation. Husband has an eighth-grade education and speaks English, but does not read English well.

Throughout the marriage, husband worked as a businessman and derived income from the parties' numerous businesses and commercial real-estate holdings. Husband primarily managed the household and business finances. Wife sometimes worked within the family businesses, but was primarily a homemaker. A vocational evaluation prepared incident to the dissolution found that wife is not employable in the commercial economy due to her limited English skills.

Wife commenced this dissolution proceeding in March 2012 and moved for temporary relief. In response, husband filed an affidavit including exhibits containing information about the parties' tax liabilities. The exhibits show that the current and delinquent property taxes owed for 120 and 130 West Lake Street (West Lake Street properties) in 2012 then totaled $82,748.54.

On March 18, 2013, the parties stipulated to the appointment of a consensual special magistrate.[1] On April 19, 2013, a partial judgment and decree was entered, dissolving the marriage and resolving custody and parenting-time issues. Because the financial and property issues were unresolved, the magistrate set the matter for a three-day trial in January 2014. A settlement conference was held instead, with a Spanish interpreter present throughout. The record on appeal includes neither a transcript nor a statement of the proceedings.[2] In relevant part, the agreement recited that the marital estate was valued "in excess of $3,000,000." It awarded the West Lake Street properties to husband, "subject to outstanding encumbrances against said properties, which shall be paid and satisfied by [husband], with the following exception: any tax liability, other than real estate taxes owed to the state or federal government, including interest, deficiencies, and penalties should be equally divided." The agreement recited that the total outstanding property tax liability was $34,461, apparently based on husband's representations.

---

[1] The magistrate was appointed pursuant to Minn. Gen. R. Prac. 114.02(a)(2), providing that a consensual special magistrate is "[a] forum in which the parties present their positions to a neutral in the same manner as a civil lawsuit is presented to a judge. This process is binding and includes the right of appeal to the Minnesota Court of Appeals." *Id.* Pursuant to the parties' agreement, the magistrate was given, in relevant part, the powers to "hear any motions of the parties properly submitted in accordance with the Minnesota Rules of Civil Procedure, and to decide said motions . . . and to conduct any and all other proceedings available to a judicial officer of the District Courts in the State of Minnesota as necessary." The stipulated agreement also provided that "the decision of the Magistrate shall be binding upon the parties and appealable only to the Minnesota Court of Appeals."

[2] Minn. R. App. P. 110.03 provides that "[i]f no report of all or any part of the proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the proceedings from the best available means, including recollection."

On January 6, 2015, husband moved to reopen the judgment and decree to reflect the correct tax debt on the West Lake Street properties.[3] Husband claimed that he had been given printouts for taxes owed on the properties during a lunch break on one of the settlement-conference days, but that he discovered in November 2014 that the numbers in the printouts merely reflected the third of four installment-plan payments due on a confession of judgment negotiated by him.[4] Husband also sought to have wife pay half of the $37,767.34 in additional delinquent taxes owed under the confession of judgment.

At the January 20, 2015 motion hearing, the magistrate stated that, because wife's attorney had submitted no written response to husband's motion, "the record at [the] hearing was limited to [husband's] filings and argument of his counsel." The magistrate's order indicates that she limited wife's attorney to explaining his failure to file responsive papers.[5]

The magistrate denied husband's motion to reopen the dissolution judgment. She determined that husband incorrectly filed his motion under Minn. R. Civ. P. 60.02 rather than under Minn. Stat. § 518.145, subd. 2 (2014), as required by caselaw. The magistrate nevertheless considered husband's motion on its merits. In doing so, she did not consider

---

[3] Husband also moved to require wife to reimburse him for his expenses in recovering from wife a separate property. The magistrate granted husband's motion, and this part of the order is not challenged on appeal.

[4] Husband claims on appeal that he had only 20 minutes during a lunch break to retrieve documentation related to the delinquent taxes on the West Lake Street properties. Nothing in the record supports his assertion concerning the amount of time he had for the task. The magistrate's order references only "a break in the settlement conference" and husband's affidavit references only a "lunch break" of unstated length.

[5] Here again, the record on appeal contains no transcript or alternative record of the motion hearing.

4

wife to be in default, despite wife's attorney not having opposed the motion in writing, "mindful of the injustice which would inure to [wife] if due to the conduct of her counsel, [husband's] motions were to be adjudicated as unopposed." The magistrate found that husband had been "primarily responsible for managing the marital estate" and was "in command of the majority of information about the marital assets and liabilities." The magistrate also noted wife's limited role in the businesses due to her lack of education and that she had "far less awareness of how the different business entities were structured, which bank accounts were used for certain purposes, and how [husband] managed cash flow to cover business and personal obligations."

The magistrate noted the parties' lengthy discussions during the settlement conference concerning the "encumbrances, expenses, rent, contract for deed payments, and the tax circumstances" of the West Lake Street properties. The magistrate also found that "during the marriage [husband] had negotiated several Confessions of Judgment in favor of Hennepin County, specifically including delinquent real estate taxes on the [West Lake Street properties]." Based on these facts, the magistrate determined that "this is not a case of mutual mistake, but rather one of inexcusable mistake by [husband]" because he was the one who negotiated the confessions of judgment, which were the source of the claimed mistake, and he was in the best position to determine the amount still owed.

The magistrate also noted that husband "assumed the risk that the actual amount of taxes on the [West Lake Street properties] might be different than the Statement of Delinquent Taxes" because the property award was subject to all outstanding

5

encumbrances except for state or federal real estate taxes. Finally, the magistrate determined that "the parties . . . negotiated a settlement that was equitable but not necessarily exactly equal." This appeal follows.

**D E C I S I O N**

### I. Refusal to Reopen the Dissolution Judgment

Husband argues that the magistrate abused her discretion by declining to reopen the stipulated dissolution judgment based on his discovery of additional property-tax liability on the West Lake Street properties. "When a divorce judgment is entered pursuant to a stipulation, the stipulation merges into the judgment and decree and 'finality becomes of central importance.'" *Harding v. Harding*, 620 N.W.2d 920, 922 (Minn. App. 2001) (quoting *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997)). A district court may reopen a dissolution judgment based on "mistake, inadvertence, surprise, or excusable neglect." Minn. Stat. § 518.145, subd. 2(1). "The moving party bears the burden of establishing a basis to reopen the judgment and decree." *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007). The district court's decision refusing to reopen a judgment "will not be disturbed absent an abuse of discretion." *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn. 1996). We apply the same standard of review to a consensual special magistrate's ruling that we would apply to an order issued by the district court. *See* Minn. Gen. R. Prac. 114.02(a)(2) (providing that cases resolved by a consensual special magistrate are binding and include "the right of appeal to the Minnesota Court of Appeals").

6

Here, the magistrate correctly considered husband's erroneously-made motion under Minn. R. Civ. P. 60.02 as a motion to reopen under Minn. Stat. § 518.145, subd. 2. *See Shirk*, 561 N.W.2d at 522 ("The sole relief from the judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2."). Based upon a careful review of the sparse record on appeal, the only apparent applicable basis for reopening the judgment was mutual mistake. The magistrate's determination that husband's failure to know or discover the proper amount owed on the West Lake Street properties was an "inexcusable mistake" is supported by the record. While acknowledging husband's eighth-grade education and limited English skills, the magistrate noted that husband was the primary manager of the household and business finances during the parties' marriage. As recently as 2012, husband was aware that the parties owed $82,748.54 in delinquent taxes for the West Lake Street properties. It is undisputed that husband was responsible for negotiating the confessions of judgment. As the magistrate concluded, he was in the best position to know whether the delinquent taxes statement corresponded to the amount still owed. There was nothing new or changed about the circumstances that rendered the judgment and decree inequitable. Additionally, the claimed mistake was $37,767.34 in a marital estate valued at $3,000,000. *See Risk ex rel. Miller v. Stark*, 787 N.W.2d 690, 694 n.1 (Minn. App. 2010) (refusing to remand for a de minimis error in the property division in a dissolution judgment), *review denied* (Minn. Nov. 16, 2010). The magistrate who presided over the stipulated settlement understood that the stipulation was intended to equitably—and not equally—divide the marital estate.

7

On appeal, husband argues that wife should be held equally responsible for not investigating the full amount of owed taxes. But this argument ignores the magistrate's detailed and unchallenged findings regarding wife's limited education, language skills, and reliance on husband for managing the marital finances. Further, similar to the argument addressed in section II below, this claim does not appear to have been addressed by the magistrate and cannot be raised for the first time on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating reviewing court will not consider matters not presented to or considered by the court below). Therefore, husband has not met his burden in showing that the magistrate abused her discretion in denying his motion to reopen the dissolution judgment.

## II.    Enforcement of the Equal-Taxation Provision

Husband appears to argue on appeal that the magistrate erred in not enforcing the judgment provision concerning the West Lake Street properties. The provision in question states that the award of the West Lake Street properties "is subject to outstanding encumbrances against said properties, which shall be paid and satisfied by [husband], with the following exception: any tax liability, other than real estate taxes owed to the state or federal government, including interests, deficiencies, and penalties should be equally divided." But husband neither argues nor offers any evidence indicating that a confession of judgment on property taxes is a property tax (thereby falling under the equal-division provision of the dissolution judgment) rather than a judgment (which would be his sole responsibility based on the language of that same provision). *See* Minn. Stat. § 279.37 (2014) (establishing when a confession of judgment

8

for delinquent taxes may occur). Further, and more importantly, there is nothing in the sparse record on appeal to show that husband raised this issue to the magistrate. We therefore do not further address it. *Thiele*, 425 N.W.2d at 582; *see also Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 494 (Minn. App. 1995) (appellant bears the burden of providing an adequate record).

## III.    Consideration of Motion on its Merits

Finally, husband argues that the magistrate abused her discretion by allowing wife's attorney to oppose the motion at the hearing and by "construct[ing] [wife's] arguments for her with inaccurate analyses." Minn. R. Gen. P. 115.06 provides that "[i]f responsive papers are not properly served and filed in a nondispositive motion, the court *may* deem the motion unopposed and may grant the relief requested without a hearing." (Emphasis added.)

Rule 115.06, however, is permissive and did not *require* the magistrate to deem husband's motion unopposed. The magistrate also specifically limited the record to husband's filings and the argument of his counsel. She only allowed wife's attorney to explain his failure to file responsive papers. Finally, the magistrate's order did not make arguments on wife's behalf; it addressed husband's motion on the merits. Based on the sparse record on appeal and the magistrate's order, husband's motion was analyzed fully and properly.

In sum, husband has failed to demonstrate reversible error by the magistrate in declining to reopen the dissolution judgment.

**Affirmed.**

9