*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1183**

In the Matter of Rebecca Halling OBO Minor Children,
Respondent,

vs.

Francis Halling,
Appellant.

**Filed May 13, 2024**
**Affirmed**
**Klaphake, Judge**[*]

Wright County District Court
File No. 86-FA-23-905

Rebecca Halling, Albertville, Minnesota (pro se respondent)

Francis Gregory Halling, Albertville, Minnesota (pro se appellant)

Considered and decided by Ross, Presiding Judge; Larkin, Judge; and Klaphake, Judge.

**NONPRECEDENTIAL OPINION**

**KLAPHAKE**, Judge

In this appeal from an order for protection (OFP), self-represented appellant-father, Francis Halling, argues that the district court abused its discretion by (1) denying his request for a hearing on the OFP after it was granted and (2) granting the OFP. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

# DECISION

## I.

Respondent-mother, Rebecca Halling, shares three children with father and on February 17, 2023, petitioned for an OFP on their behalf. That same day, an ex parte order was signed granting relief. Following an evidentiary hearing, the OFP was granted on June 15, 2023. Father now asserts that he was not given a hearing on the merits of the OFP. Father cites to Minn. Stat. § 518B.01, subd. 5(b), (c) (2022), to assert that he was "unjustly den[ied] [his] request for a hearing." Father argues that under this statute he should be given a hearing to address the merits of the OFP because he was not provided any physical service of process until June 20, six days after the June 14 OFP hearing.

The district court did not rule on father's request, instead informally advising father that because the OFP hearing had already taken place, his remedy would be to appeal the district court's order granting the OFP. Because there was no ruling by the district court, there is nothing for us to review. *Heilman v. Courtney*, 926 N.W.2d 387, 392 (Minn. 2019) ("[A] 'reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.'" (quoting *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988)). And on the merits this argument fails because it mischaracterizes the law and misstates the facts.

Minn. Stat. § 518B.01, subd. 5(b), (c), is about notice when an ex parte order has been issued, and a subsequent hearing on the ex parte order. Minn. Stat. § 518B.01, subd. 5(b), says, "If an ex parte order has been issued . . . a hearing is not required unless: (1) the court declines to order the requested relief; (2) one of the parties requests a hearing."

Minn. Stat. § 518B.01, subd. 5(c), says, in relevant part, "If an ex parte order has been issued . . . and the petitioner seeks relief beyond that specified . . . or if the court declines to order relief requested by the petitioner, a hearing must be held within seven days." It further states, "Personal service of the ex parte order may be made upon the respondent at any time up to 12 hours prior to the time set for the hearing . . . ." Minn. Stat. § 518B.01, subd. 5(c). This is not relevant when the ex parte order is no longer in place and the OFP has already been granted, as is the case here.

Furthermore, even though father had not received physical service of process, he effectively acknowledged service on March 23 when he appeared in court and the ex parte OFP order was read on the record.[1] The OFP evidentiary hearing was then continued three times. At the May 12 hearing, which father attended remotely via Zoom, the district court said "there will be no further continuances, and the June 14, 2023, hearing will proceed regardless of whether [father] appears." On June 13 at 3:58 p.m., the afternoon before the hearing, father requested another continuance, and this time it was denied. On June 14, the OFP evidentiary hearing took place in person, as scheduled, and father did not show up. On June 15, the OFP was granted on the merits. This was father's hearing to address the merits of the OFP, and he chose not to attend.

---

[1] The record on appeal does not contain any transcripts from any of the proceedings. In father's statement of the case, he indicated that no transcript was necessary to review the issues on appeal, so none was provided.

**II.**

Father also argues that by granting the OFP the district court: (1) denied father his right to a fair trial and violated his parental and due-process rights under the Sixth Amendment to the U.S. Constitution, and (2) failed to consider whether there is "good cause" to grant the OFP. We are not persuaded.

While some accommodations may be made for self-represented litigants, we have repeatedly emphasized that self-represented "litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). When, as here, "an appellant fails to provide a transcript, the reviewing court is limited to deciding whether the trial court's conclusions of law are supported by the findings." *Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 492 (Minn. App. 1995). Based on the record provided, we "review the decision to grant an OFP for an abuse of discretion." *Thompson v. Schrimsher*, 906 N.W.2d 495, 500 (Minn. 2018).

Based on the record provided, some of the details of father's service of process are unclear, but father appeared at the March 23 hearing where he was read the ex parte order and made aware of the next hearing date. Father filed a request with the court to appear remotely, also demonstrating his awareness of the proceedings. Father was granted three continuances after the March 23 hearing. Father was aware of the June 14 hearing and the fact that the court would be proceeding, in person, as evidenced by father's request for a continuance the night before. On June 14, there was an evidentiary hearing at which the district court heard testimony from the guardian ad litem (GAL) and mother and also

4

received exhibits. Father did not show up and provided no explanation after being given a one-month notice that this was the last continuance and that the hearing would happen on June 14 regardless. Based on the district court's findings, proceeding with the OFP hearing was not an abuse of discretion and did not violate father's rights.[2]

Father also argues that the district court did not have "good cause" to grant the OFP and continually refers to the district court's order granting the OFP as a default judgment. However, the district court's ruling is an order, not a judgment. Further, that order was not granted by default but on the merits, based upon evidence presented by mother at the June 14 hearing. While we do not have the transcript from that hearing, the district court's order outlining the relevant testimony and evidence, along with the exhibits presented at the hearing and the written report from the GAL, support the decision to grant the OFP.

The GAL testified, based on her report, that she had significant concerns about "the children's physical, emotional, and mental wellbeing as it pertains to the children's contact with their father." The GAL talked about father's inappropriate language, a reported incident of criminal sexual conduct, and forcing the parties' eldest child, L.H., to watch the parents engage in sexual acts. Father was also physically aggressive toward the children, "smack[ing]" L.H. if they did not watch the sexual acts between the parents and "smack[ing]" C.H. if they did not stop crying before bed. When the GAL conducted a

___

[2] Father argues his Sixth Amendment rights were violated because he was denied a hearing on the OFP. The Sixth Amendment provides criminal defendants the right to a "speedy and public trial" in all "criminal prosecutions." U.S. Const. amend VI. Because this is not a criminal prosecution, the Sixth Amendment is not applicable.

surprise school visit with C.H., they said father is "mean to the children because he slaps them, yells at them, locks them in the basement, and asks the children 'weird questions.'" The GAL also did a surprise school visit with L.H. who provided highly concerning information about father but was adamant that the information was not disclosed. The GAL opined that "it is in the children's best interest that [father's] parenting time be restricted while he addresses his mental health."

Mother testified that father "rules the children by fear and coercion" and is "threatening, combative, and intimidating in front of the kids." Father will not let the children play with the neighbor kids or attend public school due to "fears of indoctrination" and enrolled them in online school where he could "control their lessons and friendships." Mother believes that C.H. is much less stressed now that father has been out of the picture.

Even absent a transcript of the hearing, the district court's findings along with the exhibits from the evidentiary hearing provide sufficient evidence to support granting the OFP. While father contests mother's side of the story, father failed to appear at the June 14 hearing and provide any counterevidence. Now, on appeal, he provides no relevant authority to reverse the district court's order granting the OFP. *State v. Bursch*, 905 N.W.2d 884, 889 (Minn. App. 2017) ("Arguments are forfeited if they are presented in a summary and conclusory form, do not cite to applicable law, and fail to analyze the law when claiming that errors of law occurred."). On this limited record, we discern no abuse of discretion by the district court.

**Affirmed.**